(164 App. Div. 381)

GAFFEY et al. v. ST. PAUL FIRE & MARINE INS. CO.    (No. 263/80.)

(Supreme Court, Appellate Division, Third Department. November 11, 1914.)

INSURANCE (§ 579*)—SETTLEMENT BETWEEN PARTIES—AGREEMENT FOR RE-
PAIRS—ACTION ON POLICY.

Where the insurer of an automobile, which had been damaged by fire, offered to repair it, estimating that such repairs would take about four weeks, to which offer the owner agreed, provided the car were made as good as before and the repairs would not take too long, and the insurer eight weeks thereafter notified the owner that the repairs were completed, except for the body, and inquired what style of body was desired, receiving no reply, the owner may bring an action upon the policy, leaving to the insurer the defense that the repairs were completed in compliance with the terms of the subsequent agreement.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1417, 1419; Dec. Dig. § 579.*]

Smith, P. J., and Lyon, J., dissenting.

Appeal from Trial Term, Rensselaer County.

Action by Agnes Gaffey and another against the St. Paul Fire & Marine Insurance Company. Judgment for defendant, and plaintiffs appeal. Reversed, and new trial granted.

Argued before SMITH, P. J., and KELLOGG, LYONS, HOWARD, and WOODWARD, JJ.

Thomas F. Powers, of Troy (H. D. Bailey, of Troy, of counsel), for appellant.

William H. Hollister, Jr., of Troy (William J. Roche, of Troy, of counsel), for respondent.

JOHN M. KELLOGG, J.   Plaintiff's automobile, insured by the defendant for $2,500 against loss by fire, was, as the plaintiffs claim, totally destroyed by fire, and proofs of loss filed as required by the policy. The car had broken down upon the road, and was left at the roadside, in charge of the chauffeur, two or three days before the fire. The chains had been taken from the car and left near it, at the roadside. The defendant's representatives examined the car and made inquiry as to the fire, and on October 25, 1911, wrote the plaintiffs that, as the car was damaged and taken apart to a considerable extent prior to the fire, and several parts had been taken from the car before the fire, the company would settle by paying $2,000, or "we will have the car shipped to New York for repairs," and requested a reply as to which of these propositions plaintiffs would accept. The plaintiffs replied October 26th:

"If you will make the car as good as before the fire, and not delay us too long, that will be all right"

—and stated that no parts of the car had been removed previous to the fire, but the chains, which had been located. On November 2d defendant's representative wrote that they had arranged to have the car shipped to New York, where they would proceed with the repairs, saying:

"We estimate that it will take about four weeks to repair it"

—and asked the plaintiffs to ship any parts which were not with the truck. November 10th defendant's representatives wrote that the repairs were started, and asked the plaintiffs to ship the chains. January 8th defendant wrote the plaintiffs that the car had been fully repaired and made as good as before the fire, according to the correspondence and plaintiffs' agreement of October 26th, and stated that, upon receipt of advices from them, defendant would, as agreed, attach to the car free of expense any model of body plaintiffs might suggest, not to exceed the cost of the body upon the car originally, concerning which it shall be glad to have advice, and continued:

"We hereby tender to you the said machine so repaired, and offer to deliver the same to you in Troy, or any place that you may name, free of expense, upon receipt of such information as to delivery."

No communication was made by the plaintiffs after their letter of October 26th, and the defendant apparently took no further action regarding the car after its letter of January 8th. This action was brought upon the policy June 21, 1912, and the plaintiffs were nonsuited; the court holding that no recovery could be had upon the policy, and that the plaintiffs' only remedy was upon the agreement to repair, which was not covered by the litigation. The plaintiffs excepted, and asked to go to the jury upon the original contract of insurance, which request was denied, and exception taken.

The defendant was liable upon its policy of insurance. The plaintiffs offered to take the repaired car in satisfaction of their claim, if it was not delayed too long about repairs. If the defendant had repaired the car, making it as good as before the fire, and returned it to the plaintiffs within a reasonable time, that satisfied the policy. If it failed to do so, the plaintiffs have not lost their right to recover upon the original policy. The defendant could get no benefit from its failure to perform the agreement to repair. The defendant understood that 4 weeks would be a reasonable time for repairs. From the date of the plaintiffs' letter to the time the defendant suggested the car was all ready but the body some 74 days had elapsed. It does not appear how much more time would have been required to properly put on the body and return the car to Troy. We cannot say that the defendant made the car as good as it was before the fire and had not delayed the plaintiffs too long. Plaintiffs' letter fairly meant that if the defendant complied with its terms it was all right, and if it did not comply with them the letter was of no force. A defense based upon the letter must show that the defendant complied with its terms.

The action was properly brought upon the policy, leaving the defendant to show that the plaintiffs had agreed to accept repairs in

satisfaction of the policy, and that the repairs were made as agreed, and the terms of its letter with reference to them complied with. The nonsuit was therefore erroneous.

The judgment should be reversed, and a new trial granted, with costs to appellants to abide the event. All concur, except SMITH, P. J., dissenting in opinion, in which LYON, J., concurs.

SMITH, P. J. (dissenting). Contracts should be fairly interpreted, and one claiming a forfeiture of a contract for technical reasons and in bad faith is entitled only to strict construction.

After this car was burned the plaintiff agreed, if the defendant would make the car as good as before the fire "and not delay us too long," that that would satisfy the contract. The defendant proceeded in good faith to execute this agreement, and now, without any complaint that the car is not properly repaired, without any complaint that he has been inconvenienced by the delay, the plaintiff without notice disregards the contract and sues for the insurance which was upon the car when it burned. It is true that the defendant wrote that it thought it would take about four weeks to repair it, while in fact it took about double the time. The four weeks, however, was not a stipulated time, but simply an estimate. There is no claim that the repairs were unduly delayed, and, this being in the middle of the winter, it does not appear that the car would have been used in any event. After the repairs had been substantially completed the defendant so notified the plaintiff, and asked what kind of model of body the plaintiff desired to have put on, saying that the car was ready for delivery, and that any model of body that plaintiff might desire would be put on, not costing more than the body which was originally upon the car, and saying that the car would be delivered at any place named by the plaintiff. This letter was absolutely ignored by the plaintiff, and without any further notice this action was brought. Fair dealing and good faith required the plaintiff, if too long delayed, to give notice to the defendant to notify him what model of body he desired to have put on, and if there were any claim that the car, after being repaired, was not as good as it was before, that the particulars thereof should be specified. There is not one particle of evidence that the defendant did not do its part in fulfillment of its contract to make the car as good as before and to deliver it in a reasonable time. Until such fact be shown, the agreement as entered into between them stands as a substitute for their liability for insurance, and the trial court rightfully nonsuited the plaintiff.

LYON, J., concurs.